## No. 8911.

### JACOB U. PAYNE VS. SAMUEL L. JAMES AND LOUIS TRAGER.

Although the members of a planting partnership are bound only jointly for partnership debts, yet they may stipulate for a solidary obligation by special contract, and they will be so held by the courts.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot*, J.

*Breaux & Hall* for Plaintiff and Appellee.

*J. Aroni* and *W. F. & D. C. Mellen* for Defendants and Appellants.

The opinion of the Court was delivered by

Poché, J. The following are the facts of this case:

By authentic act, under date of January 21, 1882, plaintiff leased to defendants a plantation in the parish of Avoyelles, and in the same act he agreed to sell to them some seed cane and some mules, situated on said plantation; stipulating that the quantity and the cost of the cane, as well as the value of the mules were to be ascertained and fixed by future examination and appraisement, according to a plan adopted by the parties, and detailed in the act.

It was stipulated in the act that the defendants bound themselves *in solido* for all the obligations of their contract. Subsequently the price of the seed cane was fixed at $1500, and that of the mules at $1700, in payment of which the defendant, Louis Trager, executed two promissory notes for the respective amounts, which he signed under the partnership name of "James & Trager."

The notes were made *in solido*.

This suit is brought to enforce their payment, but is mainly predicated on the act of lease and agreement of sale above referred to.

The defendant, S. L. James, alone was cited, and he alone defends. His answer is a general denial, coupled with a special denial of any authority in Louis Trager to execute any notes for him or for the partnership. But the real contention, as disclosed on the trial, is that the defendant, James, is bound only jointly and not *in solido* on the amount due to plaintiff. He appeals from an adverse judgment.

His proposition, that a partner in a planting or ordinary partnership is bound only jointly or for his virile share of the firm's debts, is unquestionably correct, and would sustain his defense under ordinary circumstances.

But the act under which this debt was created contains an unambiguous declaration that the defendants intended to, and that they did,

bind themselves *in solido* for the payment of the seed cane and of the mules which they had purchased from plaintiff.

In his testimony the defendant James does not deny the authority of his partner to fix the cost of the seed cane and the price of the mules, and to bind the partnership for the payment thereof, but he simply contends that he is bound for only one-half of the same, which he expresses his willingness to pay.

His answer to the suggestion that in the authentic act of lease above stated, he had stipulated for an obligation *in solido*, is that he signed the act without reading it. That omission is his misfortune, but as a means of defense it is without force in law or in equity.

He had bound himself *in solido*, and the district judge correctly held him to his contract.

Judgment affirmed.

Fenner, J. recused on ground of affinity.